STOULIG, Judge.
Plaintiff, Curtis J. Johnson, Jr., obtained a $2,200 judgment against defendants, Emile L. Clade, the New Orleans Public Belt Railroad Commission and the City of New Orleans, for general and special damages he incurred when his automobile was rammed by a railroad flatcar pushed by a burro crane at the crossing near the Esplanade Avenue wharf in the City of New Orleans. Defendants have appealed.
There are three irreconcilable accounts of the accident, one by plaintiff, a second by his independent witness and a third by the defendant train operator Clade. The judgment favoring plaintiff makes it obvious the trial judge found his version most credible and, finding no manifest error, we accept as fact plaintiff’s version *796 where it conflicts with the others and reconstruct the accident in this way.
At approximately 12:30 p. m. on October 6, 1972, while returning from lunch to the Esplanade Avenue wharf where he worked as a longshoreman, plaintiff turned his vehicle from North Peters Street into the roadway connecting it' with the wharf ramp. At this time there were no trains approaching on any of the multiple tracks lying between the wharf and North Peters Street. Plaintiff drove across several sets of tracks but his vehicle stalled on the second or third from the riverfront. He tried unsuccessfully to start the car for two or three minutes, and then he looked to his left and noticed a flatcar and crane 17 feet away moving right at him. He attempted to escape from the car through the front passenger door but could not negotiate this maneuver before the train struck his car.
The engineer testified that when he was 175 feet from the intersection he first observed the plaintiff’s car approaching the Esplanade Street ramp. The train was moving at the rate of 15 miles per hour and he gradually reduced its rate of speed to six to eight miles per hour and sounded the appropriate crossing warning on the double air horn of the train. He stated that at all times the plaintiff’s automobile remained in full view until the moment of impact and that it first rolled on the track when the train was 8 to 10 feet away from it. Despite his “dynamiting”[1] of the train he was unable to stop and avoid hitting plaintiff.
These facts do not sustain defendants’ initial contention that plaintiff negligently attempted to cross the railroad track without first looking and listening — a duty of care imposed on all motorists.[2] However, this argument is advanced on the factual premise the defendant engineer’s version is true, but because we believe the car was stalled on the track for two or three minutes before it was hit, we reject it.
There is some merit in defendants’ alternative argument of contributory negligence. With respect to the property damage incurred by plaintiff, his recovery should not be barred because he was not a contributing proximate cause of the physical damage to his automobile. Once his car stalled on the track, he acted reasonably in attempting to move it, particularly since he had no prior experience with similar mechanical failure.
However, with respect to the general and special damages he incurred as the result of his personal injury, his negligence in failing to heed the warning air horn and escape from the car was a contributing proximate cause of his personal injury. Whether the train was moving at 15 miles per hour or six to eight miles per hour when the horn first sounded, plaintiff would have had ample time to get out of the car had he been observing conditions around him. Plaintiff testified his air conditioner and radio were both on while he was attempting to start his stalled car. Improbable as this sounds, if it is true, he is not exculpated from negligence because his own actions prevented him from hearing the warning. Plaintiff had been working around the waterfront for many years and knew there is heavy train traffic along the railroad tracks adjacent to the wharf. Thus from experience he should have known it would be prudent to watch for approaching rail traffic, particularly since his car stalled near a curve in the track. His negligence in failing to observe the oncoming train and hear the warning whistle in time to abandon the stalled car was a contributing proximate cause of his personal injury and the special damages he suf *797 fered as a consequence. See Troxlair v. Illinois Central Railroad Company, 291 So.2d 797 (La.App. 4th Cir. 1974).
Plaintiff argues that if we determine he was guilty of negligence, nonetheless he should recover under the doctrine of last clear chance. To sustain this plea, plaintiff carried the burden of proving (1) he negligently placed himself in a position of danger of which he was unaware and from which he could not timely withdraw; (2) that the defendant discovered or was in a position to discover his peril; and (3) that at the time, defendant could have, through the exercise of reasonable care, avoided the accident. See Gibson v. Kansas City Southern Railroad Company, 233 So.2d 26 (La.App. 4th Cir. 1970).
The record is silent as to what point in time it should have become obvious. to the engineer that the automobile was stalled and could not be moved from the track. Nor can we charge the engineer with knowledge that the plaintiff could not extricate himself from his position of peril by climbing from his stopped vehicle in sufficient time to avoid his injury. The record is devoid of evidence as to the stopping distance required if the burro crane was moving either at six to eight or 15 .miles per hour. Thus we cannot absolve plaintiff’s negligence by applying the doctrine of last clear chance since he failed to establish a concurrence of the three requisite elements necessary to sustain that plea.
For the reasons assigned the judgment appealed from is reversed insofar as it awards plaintiff, Curtis J. Johnson, Jr., $1,671 for personal injuries and special damages resulting therefrom. The judgment is affirmed insofar as it awards plaintiff $529 property damage against defendants, City of New Orleans, by and through the New Orleans Public Belt Railroad Commission for the City of New Orleans, and Emile L. Clade, in solido. Plaintiff is to pay the cost of this appeal.
Reversed in part; affirmed in part.

. A term used to denote an emergency application of the air brakes by utilizing the entire air capacity of 110 pounds.

. Sule v. Missouri Pacific Railroad Company, 181 So.2d 280 (La.App. 4th Cir. 1965) ; Oliver v. Illinois Central Railroad Company, 135 So.2d 521 (La.App. 2d Cir. 1961), and cases cited therein.